# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES TALBERT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | 16-5545 |
| CORIZON INC, et al., | : | |
| | : | |
| Defendants. | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                  **May 11, 2017**

## I.    BACKGROUND[1]

In 2014, while incarcerated at Curran-Fromhold Correctional Facility ("CFCF") in

Philadelphia, *pro se* plaintiff Charles Talbert sued Corizon Inc. (Compl. ¶ 8). Corizon is a

private corporation that contracts with correctional facilities to provide medical services

to inmates. In April of 2016, plaintiff settled his 2014 case against Corizon. (Id.).

On May 5, 2016, plaintiff was released from CFCF. (Id. ¶ 9). Less than two

months after being released from CFCF, plaintiff was arrested for violating his probation

and transferred back to CFCF. (Id. ¶ 10). At some point after being returned to CFCF for

violation of probation, plaintiff was "waiting in the Corizon medical triage to be seen by

---

[1] Because this is a motion to dismiss for failure to state a claim, I will "accept all
[plaintiff's] factual allegations as true" and "construe the complaint in the light most favorable to
the plaintiff." Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016). However, my
acceptance of all allegations as true does not apply to "legal conclusions." Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009).

a Corizon medical staff member to be medically screened." (Id. ¶ 11).[2] While sitting in

the waiting room, an unidentified and unknown "Corizon employee" threatened to stick

plaintiff with a needle that was said to be contaminated with the HIV virus. (Id.). Before

threatening to stick plaintiff with the needle, this unidentified person made comments

about plaintiff's prior lawsuit against Corizon that had settled. (Id. ¶ 12).

Plaintiff then refused to be medically screened or treated by Corizon. (Id. ¶ 13).

He claims he refused for fear of being stuck with a needle contaminated with HIV. (Id.).

Plaintiff was then placed in "medical lock-in" for 24 hours. (Id. ¶ 14). Plaintiff claims he

was placed in lock-in until he would allow "Corizon employees to stick him with a

needle." (Id.).

After this occurred, plaintiff filed several "sick call requests" and "grievance"

forms requesting to "have an x-ray examination check for tuberculosis rather than being

stuck by a needle from one of Corizon' [sic] medical staff." (Id. ¶ 15).[3] Plaintiff also

requested to be sent off-site (*i.e.* brought to a medical facility outside the jail) to have his

blood drawn. (Id. ¶ 16).[4]

During this particular stint at CFCF—from July 14, 2016 to October 6, 2016—

plaintiff claims medical staff at CFCF denied plaintiff's request for an x-ray or to be sent

off-site to have his blood drawn. (Id. ¶ 17). Plaintiff's complaint avers that "[d]ue to this

---

[2] Plaintiff does not indicate what he was being "medically screened" for. (Compl. ¶ 11).

[3] Plaintiff's complaint does not adequately explain why he would have to either "have an x-ray examination for tuberculosis" *or* "be[] stuck by a needle," but it appears that prison staff was attempting to perform a tuberculosis test, which is often done with a needle. Plaintiff goes on to state that he requested "other tests rather than being stuck with a needle." (Compl. ¶ 16).

[4] Plaintiff's complaint does not explain why he wanted his blood drawn. (Compl. ¶ 16).

deprivation of x-ray and off-site referral, Plaintiff was subjected to constant isolation which severely caused him aggravated pain to his prior neck injury, and substantial mental anguish, depression, stress, anxiety, sleepless nights, fatigue, and mind altering spells where he began to become delusional." (Id. ¶ 18).[5]

Plaintiff filed this complaint against Corizon Inc., three Corizon doctors, and two Corizon nurses. His complaint does not identify any cause of action.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir.1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice

---

[5] Plaintiff's complaint does not connect the dots between the alleged deprivation of an x-ray and off-site referral and being subjected to "constant isolation." (Compl. ¶ 18). Nor does the complaint explain how plaintiff not being x-rayed for tuberculosis (or sent off-site for tuberculosis testing) affected his pre-existing neck injury. His allegation as to his damages and their cause is quoted directly from his complaint.

of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must

allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither

"bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse

v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997); Sterling v. Southeastern

Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain

enough factual matters to suggest the required elements of the claim or to "raise a

reasonable expectation that discovery will reveal evidence of" those elements. Phillips v.

County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at

556).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-

pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Id. at 678.  Thus, while "Rule 8 marks a notable

and generous departure from the hyper-technical, code-pleading regime of a prior era . . .

it does not unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions." Id. at 678–79.

A court "may dismiss a complaint only if it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." Brown v.

Card Service Ctr., 464 F.3d 450, 456 (3d Cir. 2006) (quoting Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984)). Courts construe a plaintiff's allegations liberally when

he or she is proceeding *pro se*. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Corizon moves to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

In support of its motion to dismiss, Corizon argues: (1) the complaint fails to allege any of the defendants were subjectively aware of a substantial risk of harm to plaintiff; (2) the complaint fails to make an objective showing of any "serious medical need" as required to state a claim; (3) the complaint fails to state a retaliation claim; (4) no *respondeat superior* liability exists as to Corizon; (5) the complaint fails to allege any custom or policy so as to impose liability on Corizon; and (6) the complaint fails to plead "but for" causation. Plaintiff filed a response in which he rehashes the complaint's allegations and argues that he is entitled to relief.

### A. Subjective Awareness of a Substantial Risk of Harm

Defendants are correct that plaintiff's complaint fails to allege any of the defendants had knowledge of a substantial risk of harm to plaintiff.

To state a claim for deliberate indifference under the Eighth Amendment to the U.S. Constitution,[6] the plaintiff must plead deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). This showing of deliberate indifference is a subjective—not objective—one. Farmer v. Brennan, 511 U.S. 825, 837–38 (1994). Consequently, the plaintiff must plead facts indicating the defendant knew of information

---

[6] Although plaintiff's complaint fails to identify a cause of action, the only viable claim against Corizon would be one under 42 U.S.C. § 1983. Consequently, I will construe plaintiff's complaint as alleging a claim under 42 U.S.C. § 1983. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) ("[W]e must liberally construe [pro se litigants'] pleadings, and we will apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.").

that would lead the defendant to conclude that "a substantial risk of serious harm exists."

Id. at 837. As explained by Justice Souter, "an official's failure to alleviate a significant

risk that he should have perceived but did not, while no cause for commendation, cannot

under our cases be condemned as the infliction of punishment" for purposes of Eighth

Amendment liability. Id. at 838.

Plaintiff's complaint is devoid of any facts indicating that the defendants had

subjective awareness of a substantial risk of harm to plaintiff. Plaintiff does not plead

anywhere in his complaint that he told anyone from Corizon he had a serious medical

need. Nor does the complaint identify a serious medical need or that Corizon was aware

of one. The only allegations as to the Corizon doctors and nurses is that they would not x-

ray plaintiff for tuberculosis or send him outside of CFCF to have tuberculosis testing

done elsewhere. (Compl. ¶ 17). Plaintiff's complaint acknowledges that tuberculosis

testing was available at CFCF. Plaintiff simply refused to have it done at CFCF. (Id. ¶

13). At best, these allegations amount to negligence, but not deliberate indifference under

the Eighth Amendment. See Estelle, 429 U.S. at 107 ("A medical decision not to order an

X-ray, or like measures, does not represent cruel and unusual punishment. At most it is

medical malpractice, and as such the proper forum is the state court."); Johnson v. Cash,

557 F. App'x 102, 103–04 (3d Cir. 2013) (allegations that prison failed to perform x-rays

or transfer prisoner to off-site medical facility merely stated a claim for negligence but

not deliberate indifference).

Plaintiff's complaint fails to plead any of the defendants were subjectively aware of any substantial risk of harm to plaintiff. This reason alone warrants dismissal of plaintiff's complaint.

### B.    *Objective Showing of a Serious Medical Need*

A closely related corollary to the subjective-awareness pleading requirement is the additional requirement that a § 1983 plaintiff's complaint make a requisite showing of a serious medical need. Plaintiff's complaint fails in this respect.

To state a deliberate indifference claim, the prisoner's medical needs must be "serious." West v. Keve, 571 F.2d 158, 161–62 (3d Cir. 1978). To be sufficiently "serious," the medical need "must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." Ramey v. Phillips, Civ. A. No. 15-1431, 2016 WL 5911351, at *7 (E.D. Pa. Oct. 11, 2016) (quoting Woloszyn v. County of Lawrence, 396 F.3d 314, 320 (3d Cir. 2005)). In addition, "the condition must be one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting Woloszyn, 396 F.3d at 320).

Here, there are no allegations in the plaintiff's complaint that he was suffering from any condition—let alone one that "is so obvious that a lay person would easily recognize the necessity for doctor's attention." Id. There is no indication that anyone from Corizon had reason to believe that a failure to treat plaintiff could have been expected to lead to "substantial and unnecessary suffering, injury, or death." Id. Plaintiff's complaint merely shows that the staff was attempting to test him for

tuberculosis but he refused to be treated by the staff.[7] Importantly, there is also no

identification of a condition plaintiff was suffering from that had been disgnosed by any

doctor.

As with the absence of subjective-awareness pleading, the complaint's failure to

plead a serious medical need is also fatal to its survival of defendants' motion to dismiss.

### C.    *Retaliation*

Plaintiff's complaint fails to state a claim against the defendants under a retaliation

theory.[8]

It is well-established that "government actions, which standing alone do not

violate the Constitution, may nonetheless be constitutional torts if motivated in

substantial part by a desire to punish an individual for the exercise of a constitutional

right." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). To make out a *prima facie* case

for retaliation, a prisoner must establish: (1) the conduct which led to the alleged

retaliation was constitutionally protected; (2) he suffered some "adverse action" at the

hands of prison officials; and (3) the protected activity was a substantial or motivating

factor for the challenged action. Id.

At first blush, plaintiff appears to state a claim for retaliation. A closer look,

however, proves otherwise. Plaintiff alleges that a Corizon employee threatened to stick

---

[7] The extent to which plaintiff claims he refused treatment due to being threatened with an HIV-contaminated needle is addressed *infra* in discussion of his retaliation claim.

[8] Although plaintiff's complaint—as mentioned—fails to identify any cause of action, in his response to the defendants' motion to dismiss, plaintiff vaguely alludes to "retaliation." Thus, I will analyze the viability of such a claim under the facts alleged in the complaint.

him with a needle (that was infected with HIV) after making remarks about him filing a previous lawsuit against Corizon. Accepted as true, these facts would seem to create a clear inference that plaintiff was being retaliated against for previously filing a lawsuit against Corizon.

The problem with plaintiff's retaliation claim, however, is two-fold. The first problem is that none of the allegations supporting plaintiff's retaliation claim pertain to any of the named defendants. In other words, there is no allegation that any of the defendants had any personal involvement in the alleged retaliation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Instead, plaintiff merely alleges that some "unknown, very slim Corizon employee" threatened him with a needle. (Compl. ¶ 11). Notably, this threat was not alleged to have been made by any of the individual Corizon defendants: Dr. Michelle Dilauro, Dr. Mohammad Hague, Dr. Bruce Blatt, Nurse Jean Patel, or Nurse Kimberlee Adams. It is significant that plaintiff is able to identify the individual defendants by full name and position, but not one of these defendants is the person who actually threatened plaintiff. The only allegation made against these individual defendants has nothing to do with the alleged retaliation, but rather with the refusal to perform an x-ray or refer plaintiff to an off-site medical facility.

The second problem with plaintiff's retaliation claim comes from Monell v. New York Department of Social Services, 436 U.S. 658 (1978). Although none of the individual defendants were involved in the retaliation, plaintiff's allegations may prompt the question: isn't it enough that plaintiff alleged a Corizon employee made the threat?

The answer to this question is no. While that would certainly clear the hurdle in a negligence case, plaintiff must prove deliberate indifference—a much more exacting standard. Farmer, 511 U.S. at 837–38. Under this standard, Corizon cannot be held liable on a *respondeat superior* theory of liability. See Beard v. Corizon Health, Inc., Civ. A. No. 14-4129, 2017 WL 368037, at *3 (E.D. Pa. Jan. 24, 2017) ("Because  Corizon is a private corporation performing a municipal function, it cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability" (citing Monell v. New York Dept. of Soc. Servs., 436 U.S. 658, 691 (1978)). As against a municipality under § 1983, the plaintiff must plead and prove that Corizon had a policy or custom that was the moving force behind the alleged violation. Monell, 436 U.S. at 694–95.

Therefore, plaintiff cannot impose liability upon Corizion merely by pleading that an unknown Corizon employee threatened him. Yet that is the extent of plaintiff's allegations. Plaintiff's complaint mentions no custom or policy of Corizon. Nor does plaintiff's complaint identify any Corizon policymaker. Cf. Brower v. Corizon Health Servs., Inc., Civ. A. No. 15-5039, 2016 WL 2346754, at *3 (E.D. Pa. May 4, 2016) (dismissing deliberate indifference claim where plaintiff failed to allege a custom, policy, or identify a policymaker). In sum, plaintiff's complaint falls woefully short in imposing liability on Corizon for the acts of an unknown employee.[9]

---

[9] This is true as to the entirety of the complaint—not just plaintiff's retaliation theory.

For all these reasons, plaintiff's complaint—under a retaliation theory—cannot survive the defendants' motion to dismiss.

## IV.     CONCLUSION

For all the foregoing reasons, the defendants' motion to dismiss is granted.[10]

An appropriate Order follows.

---

[10] I will grant plaintiff leave to amend his complaint by filing an amended complaint within the specific amount of time in my accompanying order.